UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STELLA SIOMKOS,<br><br>           Appellant,<br><br>v.<br><br>TRINITY LIFE INSURANCE COMPANY,<br><br>           Appellee. | 24-CV-8361 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

The Court is in receipt of Appellee Stella Siomkos's emergency motion for a stay of bankruptcy proceedings pending of appeal (ECF No. 8), the accompanying letter (ECF No. 9), and the opposition filed jointly by Cardinal Credit X LLC ("Cardinal") (the successor in interest to appellee Trinity Life Insurance Company) and Chapter 7 Trustee Albert Togut ("Trustee") (ECF No. 12). Because Plaintiff has not met her burden for a stay pending appeal, the motion to stay is **DENIED**.

Rule 8005 of the Federal Rules of Bankruptcy Procedure governs the procedure for seeking a stay pending an appeal to the district court of a bankruptcy court's order. Because Rule 8005 does not provide a standard to govern such motions, "Courts within the Second Circuit have followed the same standard used for stays of district court orders pending appeals to the circuit court."[1] Under that standard, the Court must consider four factors: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be

---

[1] *In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 346 (S.D.N.Y. 2007).

affected."[2]  The party making the motion has the burden to "show satisfactory evidence on all four criteria," and that burden is a "heavy" one.[3]  Although the moving party does not necessarily need to satisfy all four factors, "[a] showing of probable irreparable harm is the principal prerequisite for the issuance of a Rule 8005 stay."[4]  "Irreparable harm must be neither remote nor speculative, but actual and imminent."[5]

Here, Appellant has not met her burden to satisfy the "principal prerequisite" of "actual and imminent" irreparable harm.[6]  Although Appellant states that the Bankruptcy Court has "ordered the immediate seizure and forced sale of [her] home,"[7] she does not point to such an order in the record of the Bankruptcy Court.  By contrast, the record reveals that Plaintiff agreed to a process by which her home would be marketed for sale, and that it was explained to her that the process would take some time and she would not need to move out immediately.[8]  Cardinal and Trustee represent that "[s]hould the Trustee seek authority to liquidate [Appellee's apartment] and grant related relief, the Bankruptcy Court will be required to make an independent determination as to whether such relief should be granted based upon a written application with notice to the [Appellant] and others with an opportunity to be heard."[9]  Appellant points to no evidence that she is at imminent risk of being forced out of her home, and the Court sees none in the record.  Appellant also does not explain why she would be unable to

---

[2] *Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 39 (2d Cir.1993).

[3] *In re 473 W. End Realty Corp.*, 507 B.R. 496, 501 (Bankr. S.D.N.Y. 2014) (quotation marks omitted).

[4] *In re Adelphia*, 361 B.R. at 346 (alteration omitted).

[5] *Id.* at 347.

[6] *Id.* at 346-47.

[7] ECF No. 9.

[8] Bankr. Case No. 24-10619, ECF No. 104 at 20-21.

[9] ECF No. 12 at 2.

use her real estate license or consult while proceedings are ongoing,[10] and any loss in rental income cannot constitute irreparable harm because, in the event she were to prevail on her appeal, money damages would be adequate compensation.[11]

Plaintiff has also not satisfied the remaining factors for a stay pending appeal, because she does not explain in any detail whether another party would suffer an injury if the stay were issued, whether she has a substantial possibility of success on appeal, or whether the public interest favors a stay.[12]

For the above reasons, Plaintiff's request for a stay pending appeal is **DENIED**.

SO ORDERED.

Dated: March 3, 2025
New York, New York

_____
DALE E. HO
United States District Judge

---

[10] ECF No. 9.

[11] *Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979) ("For it has always been true that irreparable injury means injury for which a monetary award cannot be adequate compensation and that where money damages is adequate compensation a preliminary injunction will not issue.").

[12] *See* ECF Nos. 8, 9; *Hirschfeld*, 984 F.2d at 39.