UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STELLA SIOMKOS,<br><br>                    Appellant,<br><br>v.<br><br>TRINITY LIFE INSURANCE COMPANY,<br><br>                    Appellee. | 24-CV-8361 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

On March 3, 2025, the Court denied Appellant Stella Siomkos's emergency motion for a stay of bankruptcy proceedings pending appeal.[1] On March 3, 2025, Appellant filed a letter styled as a "Reply to Trustee's Response, Motion to Remand to State Court, and Urgent Request for Relief."[2] On March 4, 2025, Appellant filed a letter styled as a "Response to Defendants' February 28, 2025, Filing and Objection to their Request to Deny Relief."[3]

To the extent that Appellant's letters present additional arguments in support of her emergency motion for a stay of bankruptcy proceedings, the Court has reviewed the submissions and concluded that nothing therein changes the conclusions it reached in its prior Order.[4] In particular, because Appellant does not identify any order of the Bankruptcy Court setting a specific date on which Appellant will be removed from her home, Appellant has not shown actual and imminent irreparable harm.

---

[1] *See* ECF No. 13.

[2] *See* ECF No. 14.

[3] *See* ECF No. 15.

[4] *See* Order of March 3, 2025 at 2-3, ECF No. 13.

To the extent that Appellant's March 3, 2025 letter presents requests for new forms of relief,[5] Appellee is directed to respond, in a letter not to exceed three pages, by **March 17, 2025**. In its letter, Appellee shall state its position on whether any of Appellant's additional requests are properly before this Court at this stage of proceedings. Appellant may submit a reply, not to exceed one page, by **March 24, 2025**.

SO ORDERED.

Dated: March 10, 2025
       New York, New York

                                          DALE E. HO
                                    United States District Judge

---

[5] *See, e.g.*, ECF No. 14 at 3 (requesting that this Court "remand . . . to [s]tate [c]ourt, "[v]oid the [alleged] predatory loan," "[d]ismiss [the] bankruptcy case entirely," and "[i]nvestigate [alleged] coordinated misconduct").