UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: STELLA SIOMKOS

24-CV-8361 (DEH)

ORDER

DALE E. HO, United States District Judge:

Plaintiff-Appellant Stella Siomkos ("Appellant"), proceeding *pro se*, filed this bankruptcy appeal on November 1, 2024. ECF No. 1. On January 10, 2025, the Court *sua sponte* extended the deadline for Appellant to file her opening brief on appeal, from December 26, 2025 to March 11, 2025. ECF No. 5. On February 18, 2025, Appellant filed her opening brief. ECF No. 6. The next day, Appellant filed an emergency motion for a stay of the Bankruptcy Court's proceedings pending appeal. ECF No. 8. After ordering a response from Appellee, the Court denied Appellant's motion for a stay. ECF No. 13. On March 20, 2025, Appellee filed its answering brief on appeal. ECF Nos. 19, 20. Any reply brief was due on April 3, 2025, but no such reply was filed. *See* ECF No. 19.

On March 27, 2025, Appellant filed a submission styled alternatively as a "reply to Trustee & LaMonica's 173-page deceptive filing" and a "motion to void fraudulent filings and reinstate appeal." ECF No. 21 at 3. This Order addresses several apparent requests for relief in the March 27, 2025 filing.

First, as to Appellant's request to strike the "173-page filing," the Court is unaware of any such filing on the docket on this case. To the extent that Appellant is asking this Court to strike a filing on the *Bankruptcy* Court's docket, it lacks jurisdiction to do so. *See* 28 U.S.C. § 158(a)(1) (granting jurisdiction to district courts to hear appeals from *final judgments, orders, and decrees* of bankruptcy judges).

Second, as to Appellant's request to "reinstate" this appeal, the Court clarifies that the appeal from the Bankruptcy Court's October 24, 2024 order converting Appellant's Chapter 11

case to a Chapter 7 case **remains pending**.  The appeal is now fully briefed and will be decided by this Court in due course.

Finally, to the extent that Appellant's March 27, 2025 submission seeks reconsideration of the Court's prior order denying the motion for a stay, that request is denied because Appellant has not demonstrated "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013).

SO ORDERED.

Dated: April 14, 2025
       New York, New York

                                            DALE E. HO
                                United States District Judge