UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: STELLA SIOMKOS

24-CV-8361 (DEH)

ORDER

DALE E. HO, United States District Judge:

Debtor-Appellant Stella Siomkos ("Siomkos" or "Debtor"), proceeding *pro se*, filed this bankruptcy appeal on November 1, 2024. Notice of Appeal, ECF No. 1. She appeals from the Bankruptcy Court's October 24, 2024 order in Case No. 24-10619 converting her Chapter 11 case to Chapter 7 (the "Conversion Order"). *See* Notice of Appeal at 1. Before this Court is Siomkos's motion for emergency relief related to a recent order of the Bankruptcy Court compelling Siomkos to turn over her apartment to the Chapter 7 Trustee. *See* ECF Nos. 25, 26. For the reasons that follow, the motion is **DENIED**.

## BACKGROUND

On February 18, 2025, Siomkos filed her opening brief in this appeal. ECF No. 6. The next day, Siomkos filed an emergency motion for a stay of the Bankruptcy Court's proceedings pending appeal. ECF No. 8. After briefing from both sides, on March 3, 2025, the Court denied Siomkos's motion to stay the bankruptcy proceedings, reasoning that she had not satisfied any of the factors for a stay pending appeal (the "March 3 Order"). ECF No. 13. In particular, the Court noted that although Siomkos contended that the Bankruptcy Court had "ordered the immediate seizure and forced sale of [her] home," she had not identified such an order in the record of the Bankruptcy Court. March 3 Order at 2. Rather, the record revealed that Siomkos had "agreed to a process by which her home would be marketed for sale, and that it was explained to her that the process would take some time and she would not need to move out immediately." *Id.* Appellees represented that should they seek to initiate such a process, it would involve written notice to Siomkos and an opportunity to be heard. *Id.* Accordingly, the

Court held that Siomkos had not established actual an imminent irreparable harm. *Id.* The Court further found that Siomkos had not met her burden to establish any of the three remaining stay factors. *Id.* at 3.

The Trustee subsequently applied for a formal order from the Bankruptcy Court compelling Siomkos to surrender and turn over exclusive possession of her apartment. BR ECF No. 129.[1] On April 22, 2025, the Bankruptcy Court held a hearing on the Trustee's application, at which Siomkos appeared. BR ECF Nos. 147, 148. On May 9, 2025, the Bankruptcy Court issued an opinion (the "Turnover Opinion," BC ECF No. 148), and on May 12 it issued an order (the "Turnover Order," BC ECF No. 158) directing Siomkos to turn over her apartment to the Trustee within 30 days of receiving notice of the order. Siomkos was served with a copy of the Turnover Order on May 14, 2025. BC ECF No. 159. She subsequently filed motions for an emergency conference and stay of the Turnover Order in the Bankruptcy Court. BC ECF Nos. 152-153. After a hearing, the Bankruptcy Court denied Siomkos's stay motion on May 20, 2025. BC ECF Nos. 168, 170.

On May 13, Siomkos filed an emergency motion for conference, ECF No. 25, and a request for emergency relief, ECF No. 26 (the "Stay Motion"), in this Court. The Court ordered Appellee and Trustee to respond by May 23, 2025 (ECF No. 27). On May 19, Siomkos filed a supplemental letter in support of her motion for emergency relief (the "Supplemental Letter"), enclosing "filings related to [the] Bankruptcy Case." ECF No. 30. Appellees filed an objection to the Stay Motion ("Objection") on May 23 (ECF No. 31), and the Court gave Siomkos the opportunity to file a reply by May 30, 2025 (ECF No. 32). Between May 23 and May 29, Siomkos submitted twenty-one additional filings. *See* ECF Nos. 33-53. Three of these appear to

---

[1] References to docket entries in the Bankruptcy Case are referred to as "BC ECF No." All references to the Rules are to the Federal Rules of Bankruptcy Procedure.

2

be responsive to Appellees' Objection. *See* Debtor's Rebuttal to Chapter 7 Trustee's Objection ("Rebuttal"), ECF No. 35; Letter Re: Unlawful Chapter 7 Conversion ("Letter"), ECF No. 41; Sworn Declaration in Support of Motion to Dismiss Chapter 7 and for Emergency Relief ("Declaration"), ECF No. 53.[2]

## DISCUSSION

As a threshold matter, Appellees question whether this Court has jurisdiction to consider Siomkos's Stay Motion because she has not filed a notice of appeal of the Turnover Order. Joint Objection to Debtor's Request ("Objection") at 5, ECF No. 31. Appellees point to Rule 8002, which provides that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered." Objection at 5 (quoting Rule 8002(a)(1)). Other than Bankruptcy Rule 8002, however, Appellees do not cite any authority for their suggestion that the Court "arguably" lacks jurisdiction to consider Siomkos's motion. *Id.* In any event, the Court agrees that Rule 8002 provides that Siomkos would need to file a notice of appeal of the Turnover Order itself if she sought to appeal the Order directly to this Court. However, the Court concludes that Siomkos's motion is best interpreted not as a direct appeal of the Turnover Order but as a renewed motion for a stay of bankruptcy proceedings pending resolution of her appeal of the Chapter 7 Conversion Order.

---

[2] The remainder of the recent filings raise various arguments challenging the Conversion Order and Turnover Order, the validity of the underlying proceedings in the Bankruptcy Court, and this Court's March 3 Order denying a stay pending appeal. The filings advance several claims Siomkos has raised before in this matter, such as that "the bankruptcy was initiated under fraudulent pretenses," that the "Chapter 11 filing was a tactic orchestrated by" her prior attorney, that the "conversion to Chapter 7 was entered without due process," and that the "entire process was enabled by misconduct and coordination" between the Trustee, the Bankruptcy Judge, and "aligned private malicious actors." Letter Re: Motion to Dismiss Chapter 7 and Entire Bankruptcy Case at 2, ECF No. 39. To the extent this Court has jurisdiction to consider the arguments Siomkos raises in these many filings, it does so now in the context of assessing whether she has established the four factors relevant to a stay pending appeal.

Stays pending appeal of a bankruptcy court order are governed by Federal Rule of Bankruptcy Procedure 8007.[3] To determine whether a stay pending appeal is appropriate, courts consider four well-established factors: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected." *In re BGI, Inc.*, 504 B.R. 754, 762 (S.D.N.Y. 2014) (quoting *Hirschfeld v. Bd. of Elecs.*, 984 F.2d 35, 39 (2d Cir.1993)); *see also In re 461 7th Avenue Market, Inc.*, No. 20-3555, 2021 WL 5917775, at *1 (2d Cir. Dec. 15, 2021) (affirming denial of stay pending appeal of conversion from Chapter 11 to Chapter 7 under the four factors). "A stay pending appeal under Rule 8007 is the exception, not the rule." *In re Carrington*, 698 F. Supp. 3d 659, 661 (S.D.N.Y. 2023), *appeal dismissed*, No. 23-7433, 2024 WL 3491202 (2d Cir. May 3, 2024). The party seeking a stay pending appeal therefore "carries a heavy burden." *Id.* Here, Siomkos has not satisfied her burden to establish that any of the four factors warrants a stay.[4]

---

[3] Ordinarily, "a party must move first in the bankruptcy court" in order to seek "a stay of the bankruptcy court's judgment, order, or decree pending appeal." Fed. R. Bankr. P. 8007(a)(1)(A). Subject to that requirement, a motion to stay an order of the bankruptcy court pending appeal "may be filed in the court where the appeal is pending," F.R.B.P. 8007(b)(1). The motion must either "show that moving first in the bankruptcy court would be impracticable" or "if a motion has already been made in the bankruptcy court, state whether the court has ruled on it, and if so, state any reasons given for the ruling." F.R.B.P. 8007(b)(2). Although Appellant's Stay Motion did not directly address this requirement, her Supplemental Letter referenced her motion to stay the Turnover Order in the Bankruptcy Court, and the Court's review of the docket in the Bankruptcy Court confirms that Appellant did indeed seek a stay of both the Conversion Order and the Turnover Order. BC ECF Nos. 81, 153. The Bankruptcy Court held a hearing on each and denied the requests. BC ECF Nos. 85, 89, 170, 171.

[4] "When considering the four factors, some courts in the Second Circuit adopt a balancing approach, i.e., the lack of one factor is not dispositive, where others hold that the failure to satisfy any one factor will result in denying the motion." *In re Anderson*, 560 B.R. 84, 88 n.5 (S.D.N.Y. 2016). This Court need not decide which approach is correct because, under either approach, the Court would deny the stay motion.

4

1. **Irreparable harm**

"Irreparable harm must be neither remote nor speculative, but actual and imminent." *In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 347 (S.D.N.Y. 2007). It is well established that "irreparable injury means injury for which a monetary award cannot be adequate compensation." *Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979). Here, the harm faced by Siomkos is indeed imminent, but she has not shown that it is irreparable.

Under the Bankruptcy Court's Turnover Order, Siomkos must surrender exclusive possession of her apartment to the Trustee; if she does not, the Trustee is authorized to "take all necessary steps to gain access to the Apartment." Turnover Order at 2. "To be sure, courts in this circuit have held that eviction can be an irreparable injury." *Greer v. Mehiel*, No. 15-CV-6119, 2016 WL 828128, at *9 (S.D.N.Y. Feb. 24, 2016) (Nathan, J.). "Yet in every such case the Court has found, the party facing eviction also faced the real threat of homelessness." *Id.* Here, Siomkos has not shown that she will be unable to find another place to live. Any economic injury from having to move is not irreparable because it "can be compensated by money damages, which would include the price of . . . rent plus moving expenses." *Tellock v. Davis*, 84 F. App'x 109, 112 (2d Cir. 2003). Moreover, because Siomkos has been given advance notice to make moving arrangements, her contention that, absent emergency relief, she will lose all access to her "medical records, evidence, legal filings, and computer," Stay Motion at 2, is unsupported.

Siomkos also cites spiritual and emotional harms from having to part with the home she purchased in 2008. *See id.* Although the Court is sympathetic to her situation, it is not clear that any relief this Court can order would prevent Siomkos from ultimately having to sell her apartment. Even the Chapter 11 reorganization plan she previously proposed included the sale of the apartment. *See* Debtor's Plan Under Chapter 11, BR ECF No. 25. Thus, even if the Court

5

were to stay proceedings and ultimately reverse the Conversion Order—which, as discussed below, seems unlikely—Siomkos would be faced with the same harm she cites here: the loss of her home.[5]

The Court concludes that Siomkos has not shown that she faces irreparable injury that would be prevented by a stay pending appeal.

**2. Harm to other parties**

"In addition to showing irreparable harm, the party seeking a stay must also establish that the non-moving party or other parties will not suffer substantial harm if the stay is granted," and that "the balance of harms tips in favor of granting the stay." *Adelphia*, 361 B.R. at 349. Here, Appellees argue that a stay "would unnecessarily delay the administration of the Estate and prejudice its creditors." Obj. at 7. Siomkos does not meaningfully address this factor and therefore fails to show that the balance of harms tips in favor of a stay.

**3. Likelihood of success on the merits**

Siomkos has not shown a substantial possibility that she will prevail on appeal, which ultimately requires her to demonstrate that the Bankruptcy Court abused its discretion in converting the case to Chapter 7. *See In re Lynch*, 795 F. App'x 57, 59 (2d Cir. 2020) ("An order converting a bankruptcy case for cause is reviewed for abuse of discretion."). "A bankruptcy court abuses its discretion if it bases its decision on an erroneous view of the law or clearly erroneous factual findings." *In re Blaise*, 219 B.R. 946, 950 (B.A.P. 2d Cir. 1998). Siomkos has not shown that the Bankruptcy Court erred in either respect.

---

[5] Finally, in one of her most recent letters, Siomkos states that she fears the Trustee and the Bankruptcy Judge may be conspiring to have her killed. *See* Declaration at 4. Siomkos offers no evidence in support of this extreme accusation, and the Court does not credit it.

Rather than pointing to any error in the Bankruptcy Court's legal conclusions or factual findings, Siomkos's motion papers consist mostly of unsupported allegations of bias, coercion, conspiracy, and other misconduct by the Bankruptcy Court, the Trustee, her own prior counsel, and various private parties. Siomkos's submissions provide no support for these allegations, and this Court has been presented with no basis to conclude that Siomkos has a substantial possibility of success on appeal.

4. **Public interest**

Finally, a stay pending appeal would be contrary to the public interest, which "favors the expedient administration of the bankruptcy proceedings." *Adelphia*, 361 B.R. at 349. Where, as here, the "high standards" for relief have not been demonstrated, "a stay pending appeal would injure the interests of sound case management in the bankruptcy process, and as a consequence, would also injure the public interest." *In re 473 W. End Realty Corp.*, 507 B.R. 496, 508 (Bankr. S.D.N.Y. 2014). Although Siomkos responds that "[t]he real public interest lies in preventing illegal takings, protecting vulnerable homeowners from coercion, piracy and ensuring the bankruptcy system is not hijacked by bad-faith actors," Rebuttal at 3, she has not presented evidence of any such misconduct here.

## CONCLUSION

For the foregoing reasons, Siomkos's renewed motion for a stay pending appeal is **DENIED**, as is her request for a hearing on the motion.

Siomkos's Motion to strike Trustee's Objection and to Vacate Fraudulent Conversion Order, ECF No. 37, is **DENIED** because the case caption and filing number referenced in the motion refer to the Bankruptcy Court's docket, not this Court's docket, and the Court therefore concludes that the letter is not seeking relief in this Court.

By **June 17, 2025**, Appellees are directed to submit a letter, not to exceed three pages, indicating whether they believe any of Siomkos's remaining requests for relief are properly before this Court (and, if not, why) and proposing a briefing schedule.  Siomkos may respond to Appellees' letter, <u>in a single filing not to exceed three pages</u>, by **June 24, 2025**.

The Clerk of Court is respectfully directed to close ECF Nos. 25 and 37.

SO ORDERED.

Dated: June 10, 2025
       New York, New York

_____<br>
DALE E. HO<br>
United States District Judge