UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: STELLA SIOMKOS,

                              Debtor,

STELLA SIOMKOS,

                              Debtor-Appellant,

v.

TRINITY LIFE INSURANCE COMPANY,

                              Appellee.

24 Civ. 8361 (DEH)

STELLA SIOMKOS,

                              Plaintiff,

v.

HON. LISA BECKERMAN, et al.,

                              Defendants.

25 Civ. 4103 (DEH)

**MEMORANDUM
OPINION AND ORDER**

DALE E. HO, United States District Judge:

The above-captioned cases arise from Ms. Siomkos's appeal from the United States Bankruptcy Court for the Southern District of New York (Lisa Beckerman, Bankr. J.). Ms. Siomkos appealed from an order converting her Chapter 11 bankruptcy proceeding to a Chapter 7 bankruptcy proceeding. After initiating her appeal, Ms. Siomkos filed the second case against the Bankruptcy Judge, Chapter 7 Trustee, and other Defendants alleged to have collectively violated her constitutional rights. The Court has entered an Opinion dismissing these claims.

For the reasons set forth below, the bankruptcy court's order in case No. 24 Civ. 8361 is **AFFIRMED**. To the extent that Ms. Siomkos requests reconsideration of this Court's prior decisions in either case, the request is **DENIED**. To the extent that Ms. Siomkos requests

additional relief, the request is **DENIED as moot**.  Finally, case No. 25 Civ. 4103 is **DISMISSED WITH PREJUDICE.**

## BACKGROUND

### A.     The Bankruptcy Proceedings[1]

On October 24, 2024, Ms. Siomkos, who appears *pro se* before this Court in both above-captioned cases, appealed from a decision converting her bankruptcy proceedings before the United States Bankruptcy Court for the Southern District of New York (Lisa G. Beckerman, Bankr. J.) from Chapter 11 to Chapter 7.

The Court assumes familiarity with the record of Ms. Siomkos's proceedings before the Bankruptcy Court, which are addressed more fully in its Opinion dismissing Ms. Siomkos's lawsuit brought under 42 U.S.C. § 1983.  ECF No. 5 (25 Civ. 4103).

In relevant part, Ms. Siomkos initiated Chapter 11 bankruptcy proceedings on April 11, 2024.  Voluntary Petition, ECF No. 1, *In re Siomkos* (No. 24-10619).  On July 12, 2024, Creditor-Appellee Trinity Life Insurance ("Trinity") moved to convert the proceedings from Chapter 11 to Chapter 7. Motion to Convert Case, ECF No. 20, *In re Siomkos* (No. 24-10619).   During an October 23, 2024, hearing, Judge Beckerman issued an oral ruling granting the motion to convert, which Ms. Siomkos appeals.  Hearing on Motion to Convert Case at 39, ECF No. 85, *In re Siomkos* (No. 24-10619).

### B.     The Bankruptcy Appeal

Ms. Siomkos initiated this bankruptcy appeal on October 24, 2024.  After Ms. Siomkos failed to timely submit her initial brief in the bankruptcy appeal, the Court *sua sponte* extended

---

[1] Ms. Siomkos's opening brief in her bankruptcy appeal was not accompanied by an "appendix containing excerpts from the record" as required under Federal Rule of Bankruptcy 8018(b)(1).

the deadline to March 11, 2025.  Order, ECF No. 5.  Ms. Siomkos filed her initial brief on February 18, 2025.   In that filing, she requested "[i]mmediate dismissal of the bankruptcy case," "[a] formal judicial review of Judge Beckerman's conduct," "[a]n investigation into the collusion and procedural misconduct that led to [her] . . . bankruptcy filing," "[r]ecusal of Judge Beckerman," and "[a] stay on all liquidation proceedings."  Brief for Appellant at 3, ECF No. 6.  Her filing alleges that Judge Beckerman; Avrum Rosen, an attorney for Creditor-Appellee Trinity Life Insurance Company; and Albert Togut, the Chapter 7 Trustee appointed by the Bankruptcy Court, improperly colluded during her bankruptcy case in violation of her due process rights.  *Id.* at 1-3.

On February 19, 2025, Ms. Siomkos filed two documents with the Court, styled as emergency requests for a stay of orders entered by the Bankruptcy Court pending appeal. Motion to Stay & Letter in Support of Motion to Stay, ECF Nos. 8, 9.  After directing Appellees to respond, ECF No. 11, and considering their submission, Letter, ECF No. 12, the Court denied the requests because Ms. Siomkos had not met her "heavy" burden to justify an emergency stay. Order on Motion to Stay 2, ECF No. 13.

Ms. Siomkos subsequently filed two additional letters, largely repeating the allegations and requests for relief made in prior submissions, including a request to "reinstate" the instant appeal. Reply to Response to Motion & Reply, ECF Nos. 14, 15.  In those letters, Ms. Siomkos also alleged that Karamvir Dahiya, the attorney who filed her initial Chapter 11 bankruptcy petition in early 2024, did so without her informed consent.  ECF No. 14 at 1-2.  On March 27, 2025, Ms. Siomkos filed another letter requesting to strike "TRUSTEE & LAMONICA'S 173-PAGE DECEPTIVE FILING."  Reply at 3, ECF No. 21.  The Court denied the request to strike, as the referenced filing did not appear to exist on the docket, and denied the request to "reinstate" the appeal as unnecessary because the appeal remained pending.  Order, ECF No. 22.

From May 13, 2025 to June 4, 2025, Ms. Siomkos filed twenty-nine documents largely reiterating the claims made in her initial briefs and requesting various types of relief. ECF Nos. 25, 26, 28, 29, 30, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56. The requests include a motion to strike a Memorandum Opinion issued by Judge Beckerman in the Bankruptcy Court, ECF No. 51, and a "Motion to Correct the Record, Object to Judicial Misstatements, and Notice of Intent to Appeal," ECF No. 55. Insofar as these can be construed as requests for relief, both motions are currently pending before the Court.

On June 20, 2025, Ms. Siomkos petitioned for a Writ of Mandamus invoking due process and "international human rights standards" to seek, among other relief, exclusion of the undersigned from "oversight of this matter due to . . . prior dismissal of civil rights claims without evidence of hearing." Notice, ECF No. 63 at 5 (24 Civ. 8361). That Petition was denied on January 22, 2026. USCA Mandate, ECF No. 69 (24 Civ. 8361).

On June 27, 2025, Ms. Siomkos filed a Motion for Reconsideration on the docket of her bankruptcy appeal, largely repeating arguments made in prior filings. Mot. for Reconsideration, ECF No. 64 (24 Civ. 8361). The motion appears directed to this Court's Opinion dismissing her claims in a related lawsuit brought under 42 U.S.C. § 1983, discussed below. On September 12, 2025, Ms. Siomkos filed a Motion to Stay Trustee Meetings, also largely repeating prior arguments. Mot. to Adjourn Conference, ECF No. 68 (24 Civ. 8361). These motions are currently pending before the Court.

### C. The 42 U.S.C. § 1983 Action

On May 15, 2025, Ms. Siomkos filed an additional case asserting claims under 42 U.S.C. § 1983, seeking damages and injunctive relief. She sued Judge Beckerman, who, as noted above, is overseeing her bankruptcy proceedings; Albert Togut, the court-appointed Chapter 7 Trustee in her bankruptcy case; Togut, Segal & Segal LLP, the law firm through which Togut conducts his

4

activities; and John/Jane Does 1-10, unknown individuals or entities who Ms. Siomkos alleged, along with the other named Defendants, had "acted under color of federal authority to deprive her of liberty and property in violation of the First, Fifth, and Fourteenth Amendments."

On May 23, 2025, the Court entered an Opinion dismissing the case. Order of Dismissal, ECF No. 5 (25 Civ. 4103). Ms. Siomkos appealed that Opinion on June 4, 2025. Notice of Appeal, ECF No. 7 (25 Civ. 4103). Her appeal is stayed pursuant to Fed. R. App. Proc. 4(a)4 because she subsequently filed a "Motion to Correct the Record, Object to Judicial Misstatements, and Notice of Intent to Appeal," which the Court construes as a Motion to Reconsider its May 23, 2025 Opinion. Motion to Amend/Correct, ECF No. 9 (25 Civ. 4103). That motion is currently pending.

On January 14, 2026, Ms. Siomkos filed a document styled as an "Emergency Ex Parte Application for Temporary Restraining Order and Order to Show Cause," seeking to prevent "enforcement actions" that might result in the loss of her primary residence. Mot. for TRO, ECF No. 13 (25 Civ. 4103). The Court denied the request. Order on Mot., ECF No. 14 (25 Civ. 4103).

## LEGAL STANDARDS

An "order converting a bankruptcy case for cause is reviewed for abuse of discretion." *In re Blaise*, 219 B.R. 946, 950 (B.A.P. 2d Cir. 1998).[2] "A bankruptcy court abuses its discretion if it bases its decision on an erroneous view of the law or clearly erroneous factual findings." *Id.* Accordingly, a bankruptcy court's factual findings are accepted unless clearly erroneous, and its legal conclusions are reviewed de novo. *See Argo Fund, Ltd. v. Bd. of Dirs. of Telecom. Arg., S.A. (In re Bd. of Dirs. of Telecom Arg., S.A.)*, 528 F.3d 162, 168-69 (2d Cir. 2008); *In re Smith*, 507 F.3d 64, 71 (2d Cir. 2007).

---

[2] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). "[T]he . . . standard for a district court to grant such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked and might reasonably be expected to alter the conclusion reached by the court." *Smith v. CVS Albany, LLC*, No. 20 Civ. 4000, 2022 WL 3022526, at *1 (2d Cir. Aug. 1, 2022). Courts also grant reconsideration to "correct a clear error or prevent manifest injustice." *Schoolcraft v. City of New York*, 298 F.R.D. 134, 136 (S.D.N.Y. 2014). That said, a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021).

## DISCUSSION

### I.    The Bankruptcy Appeal in Case 24 Civ. 8361

Ms. Siomkos appeals the Bankruptcy Court's order converting her bankruptcy proceedings from Chapter 11 to Chapter 7. *See* Hr'g Mot. to Convert Debtors Chapter 11 Case to Chapter 7, or in the Alternative, to Dismiss the Debtors Chapter 11 Case, ECF No. 85 ("Mot. to Convert Hr'g"), *In re Siomkos* (No. 24-10619).

In its July 12, 2024 motion to convert Ms. Siomkos's proceedings to Chapter 7, Trinity argued that conversion was warranted because (1) Ms. Siomkos's bankruptcy estate showed continuing losses without likelihood of rehabilitation, Mot. to Convert ¶¶ 15-18, ECF No. 20 (No. 24-10619); (2) Ms. Siomkos had failed to adhere to her obligations under the Chapter 11 proceedings, including filing monthly operating reports, reporting her spouse's income, and

complying with a Court Order to serve notice of a status conference, *id.* ¶¶ 19-21; (3) Ms. Siomkos had failed to pay post-petition real estate taxes, *id.* ¶¶ 22-25; and (4) Ms. Siomkos would not be able to show a reasonable likelihood that a Chapter 11 bankruptcy plan would be confirmed and could show no unusual circumstances justifying her noncompliance with Chapter 11 obligations, *id.* ¶¶ 26-28.

On July 31, 2024, Ms. Siomkos opposed Trinity's motion to convert through a declaration filed by Paul Hollender, her second attorney in the bankruptcy proceedings. Opposition ("Hollender Decl."), ECF No. 29 (No. 24-10619). In that declaration, Hollender attested that Ms. Siomkos's lack of reported income was due to medical issues in the years preceding her filing for bankruptcy. *Id.* ¶¶ 1, 4, 6, 10. He maintained that Ms. Siomkos's failure to comply with Chapter 11 obligations, such as the filing of operating reports and a plan of reorganization, was due to her prior lawyer's inability to properly represent her, and that Ms. Siomkos was in the process of addressing any remaining noncompliance. *Id.* ¶¶ 11-21. He conceded Trinity's allegation that Ms. Siomkos had not been able to pay current condo maintenance and real estate taxes. *Id.* ¶ 22. And he clarified that Ms. Siomkos had filed a plan of reorganization which provided for, *inter alia*, the listing of her apartment for sale following restoration work for water damage. *Id.* ¶ 18.

The Bankruptcy Court held two conferences prior to a hearing where it granted Trinity's motion. During a conference on August 7, 2024, the Bankruptcy Court adjourned adjudication of Trinity's motion in order to afford Ms. Siomkos additional time to address her noncompliance with the Chapter 11 proceedings cited in the motion, and to retain a neutral third-party broker to assess her representation that restoration work was required as a precondition to her apartment's sale. Tr. of Conference, ECF No. 95, at 26:14-27:8, 30:13-25 (No. 24-10619). The Bankruptcy Court held another conference on September 26, 2024, where it again adjourned adjudication of the motion, even though Ms. Siomkos had not yet progressed toward her proposed Chapter 11 Plan, including

by retaining the third-party broker proposed in the prior conference to assess the condition of her apartment.  Tr. of Conference, ECF No. 90 (No. 24-10619).  Following that conference, the Bankruptcy Court ordered Ms. Siomkos to retain the agreed-upon third-party broker, specifying that the retention should not include any commission payable to Ms. Siomkos herself due to her status as a fiduciary to the Chapter 11 estate, and that the broker would be provided access to Ms. Siomkos's property to perform the required assessment.  Scheduling Order, ECF No. 57 (No. 24-10619).  Unwilling to accept those terms, Ms. Siomkos refused to comply with the order.  Letter, ECF No. 60 (No. 24-10619).  Immediately thereafter, her attorney moved to withdraw.  Mot. to Withdraw as Attorney, ECF No. 61 (No. 24-10619).

The Bankruptcy Court granted Trinity's motion to convert during an October 23, 2024 hearing.  Tr. of Hearing, ECF No. 85 (No. 24-10619).  During that hearing, Judge Beckerman explained to Ms. Siomkos the pending motion to convert, *id.* at 7:10-9:13, and explained the rationale for granting it: namely, for the reasons stated in the motion, and in light of Ms. Siomkos's refusal to comply with the Bankruptcy Court's orders aimed to facilitate progress toward the Chapter 11 plan.  *Id.* at 10:23-11:13.  During the hearing. Ms. Siomkos did not contest the Court's reasoning.  Instead, she argued that Trinity's loan was predatory.  *Id.* at 12:7-16.  She referenced upcoming real estate deals in which she would earn income as a broker, though she did not adduce substantiating evidence.  *Id.* at 18:10-21.  She also disputed the validity of the claims of various creditors against her estate.  *Id.* at 19:17-20:13.  Judge Beckerman explained to Ms. Siomkos that conversion of the Chapter 11 proceedings to Chapter 7 would not preclude Ms. Siomkos from relief on these concerns should the Chapter 7 Trustee determine her loan was predatory, *id.* at 14:6-15:18, or from arguing that any claim against her estate was invalid.  Judge Beckerman also explained that, should Ms. Siomkos earn enough income following the conversion, she would be

able to purchase back her own property. *Id.* at 18:22-19:1. Judge Beckerman concluded the hearing by granting Trinity's motion and converting the proceedings to Chapter 7.

On appeal, without citing legal authority, Ms. Siomkos argues that Judge Beckerman's decision failed to account for circumstances such as the predatory nature of Trinity's loan and Ms. Siomkos's serious medical conditions. Letter, ECF No. 9 (24 Civ. 8361). Ms. Siomkos also argues that the decision violated her due process rights because Judge Beckerman was biased in favor of Trinity. Remark 1-3, ECF No. 6 (24 Civ. 8361). The Court addresses each argument in turn.

### A.    The Decision to Convert Ms. Siomkos's Proceedings to Chapter 7

Ms. Siomkos argues that the Bankruptcy Court erred in converting her bankruptcy proceedings from Chapter 11 to Chapter 7. The Court disagrees for the reasons below.

Section 1112 of the Bankruptcy Code empowers a Bankruptcy Court to convert a Chapter 11 bankruptcy proceeding to a Chapter 7 proceeding "for cause." *In re Carrington*, 710 F. Supp. 3d 248, 256 (S.D.N.Y. 2024). Additionally, 11 U.S.C. § 1112(b) lists factors that may constitute cause, including, *inter alia*, "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," "failure to comply with an order of the court," and "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court." 11 U.S.C. § 1112(b)(4)(A), (E), (J).

Here, the Bankruptcy Court found multiple grounds for cause, warranting conversion of Ms. Siomkos's Chapter 11 case to Chapter 7, including continuing loss to or diminution of Ms. Siomkos's estate without a reasonable likelihood of rehabilitation, Ms. Siomkos's failure to pay post-petition real estate taxes and other fees, and Ms. Siomkos's refusal to follow the Bankruptcy Court's Orders that attempted to facilitate progress toward her Chapter 11 plan. Having reviewed the record, the Court finds no error of law or clearly erroneous findings of fact that would allow the Court to reverse the Conversion Order for abuse of discretion. *See In re Carrington*, 710 F.

Supp. 3d at 256-57 (Bankruptcy Court did not abuse its discretion by converting Chapter 11 proceedings to Chapter 7 where multiple factors listed by § 1112(b) were met, including failure to comply with reporting requirements and failure to timely file a confirmable plan).

On appeal, Ms. Siomkos argues that the Bankruptcy Court erred in failing to consider circumstances such as the allegedly predatory nature of her loan with Trinity, and health problems that impacted her ability to earn income and meet obligations in the Chapter 11 proceedings. However, the record of the hearing on Trinity's Motion to Convert shows that the Bankruptcy Court afforded Ms. Siomkos the opportunity to raise these arguments herself and provided an explanation how conversion would not preclude Ms. Siomkos from pursuing the relief she consequently sought. The Bankruptcy Court explained that its ruling was based on arguments in Trinity's motion and Ms. Siomkos's uncontested refusal to follow court orders in her Chapter 11 proceedings.

In sum, the Bankruptcy Court properly considered, but then rejected Ms. Siomkos's arguments. Accordingly, there is no basis to overturn the Bankruptcy Court's decision based on a purported failure to do so.

### B.  Judicial Bias

"Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's partiality." *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Ms. Siomkos has adduced no evidence to substantiate her claims of Judge Beckerman's purported bias. Ms. Siomkos cites statements Judge Beckerman made during the hearing on Trinity's Motion to Convert—for example, an admonishment of opposing counsel to limit their statements during the hearing—arguing that the statements are "[s]uggestive of partiality" because they "signal[ed] [opposing counsel] how to

10

proceed." *See, e.g.*, Notice, ECF No. 42 at 1-2 (24 Civ. 8361).  The Court finds nothing about Judge Beckerman's cited statements, or the hearing record, to suggest judicial bias.  Insofar as Ms. Siomkos raises arguments of judicial bias, her concerns appear to stem from the outcome of the decision, rather than any "extrajudicial matter" that might suggest Judge Beckerman's partiality. *See Chen*, 552 F.3d at 227.

In sum, there is no evidence of judicial bias.  Accordingly, the Court declines to disturb the Bankruptcy Court's decision based on this argument.

## II.     Motions for Reconsideration in Case 25 Civ. 4103

The Court construes Ms. Siomkos's pending request in her case brought under 42 U.S.C. § 1983 as a motion to reconsider its Opinion dismissing her claims.  Mem. of Law, ECF No. 9 (25 Civ. 4103).

In her request, Ms. Siomkos has not pointed to controlling decisions or data that the Court overlooked in its decision, nor met her burden to show clear error or manifest injustice such that this Court should grant the extraordinary remedy of reconsideration.  Accordingly, the request is **DENIED**.

Finally, in light of the Court's decision dismissing this case as to the named Defendants, *see* Order of Dismissal, ECF No. 5 (25 Civ. 4103), and Ms. Siomkos's failure to file an amended complaint by the June 23, 2025 deadline set forth in that Order, this case is dismissed with prejudice.

### CONCLUSION

For the reasons given above, the decision of the Bankruptcy Court case number 24 Civ. 8361 is **AFFIRMED**.  All pending motions in that case are **DENIED as moot**. The various motions for reconsideration in case number 25 Civ. 4103 are **DENIED**, and that case is **DISMISSED WITH PREJUDICE**.

11

The Clerk of Court is respectfully directed to enter judgment consistent with this Opinion and Order and to close case number 24 Civ. 8361.

The Clerk of Court is further respectfully requested to terminate ECF No. 9 in case number 25 Civ. 4103, enter judgment in favor of Defendants, and close the case.

SO ORDERED.

Dated: March 20, 2026

       New York, New York

                                               DALE E. HO
                                United States District Judge